# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

------------------------------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

Plaintiff,

-against-

THE BORO PARK VIEW LLC,

Defendant.

------------------------------------------------------------X

Index No.: 3517-19

Date Summons Filed: 9/19/19

**SUMMONS**

Plaintiffs designate
*KINGS COUNTY* as the
Place for trial based on
Plaintiffs' address:
3008 Avenue L,
Brooklyn, New York

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally   delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
September 18, 2019

CRAIG S. GOLDSMITH, ESQ.
Attorneys for Plaintiff
1829 East 19th Street
Brooklyn, New York 11229
(718) 336-0001

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
---------------------------------------------------------------X
TV VUES ADVERTISING AGENCY, INC.,

                                  **Plaintiff,**

    -against-

THE BORO PARK VIEW LLC,

                                  **Defendant.**
---------------------------------------------------------------X

**Index No.:** 3517-19

**VERIFIED COMPLAINT**

        The plaintiff, by its attorney, CRAIG S. GOLDSMITH, ESQ., complaining of the defendant alleges:

**FIRST:** The plaintiff is and at all times hereinafter mentioned was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York and having its principal office for the transaction of business at 3008 Avenue L, City of New York, County of Kings, State of New York.

**SECOND:** At all times herein mentioned plaintiff has been and still is doing business under the corporate name of TV Vues Advertising Agency, Inc. and has been doing business since 1986 under the names TV Vues, The Vues, Jewish Vues, Country Vues and The Jewish Vues.

**THIRD:** At all times herein mentioned, plaintiff's principal business consists of weekly full color Jewish oriented publications.

**FOURTH:** At all times hereinafter Plaintiff's business focusses on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), news and simchah (congratulatory) announcements, contests, pictures of religious figures and community photos directed at the Brooklyn Jewish Community.

**FIFTH:** Plaintiff delivers its publication directly to stores, street stands, door to door and news stands throughout Kings County including Boro Park neighborhood.

**SIXTH:** The business so established by plaintiff as aforesaid, has been and now is a very extensive business with activities throughout Kings County and the New York area.

**SEVENTH:** The services sold by the plaintiff has been and are well and favorably known and plaintiff has annually expended many thousands of dollars in advertising, direct mail solicitations, and other forms

of promotion, and has built up a substantial good will and reputation.

**EIGHTH**: Upon information and belief, defendant company is a Limited Liability Company duly organized and existing under and by virtue of the laws of the State of New York.

**NINTH**: Upon information and belief, defendant commenced operating its business on July 30, 2019.

**TENTH**: Upon information and belief, the principal purposes for which defendant was organized and the field in which it has been and is now engaged is a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), news and simchah (congratulatory) announcements, contests, pictures of religious figures and community photos directed at the Brooklyn Jewish Community.

**ELEVENTH**: The fields of principal operation of the defendant and plaintiff are substantially similar.

**TWELFTH**: Upon information and belief, the name selected by defendant, to wit: "View", was so selected with the intent to deceive the public and buyers and sellers in the field of its principal operations in order that defendant be enabled to capitalize on the reputation and substantial good will owned by the plaintiff.

**THIRTEENTH**: The word "View", "Views", "Vue" and "Vues" when commonly used in the limited field in which the parties are active in business, to wit: weekly Jewish publication, has acquired a secondary meaning as signifying plaintiff and none other.

**FOURTEENTH**: Upon information and belief, that at the time of the forming of the LLC, the members of said company were aware of the fact that the plaintiff had theretofore and was then continuing in and conducting the business hereinbefore mentioned under the name of The Jewish Vues, The Vues, Jewish Vues, Country Vues and The Jewish Vues and that the said name was known to the public as the plaintiff's.

**FIFTEENTH**: The word "View" was inserted into the name of the defendant company for the purpose of deceiving, misleading and imposing upon and confusing the customers and patrons of the plaintiff and the public in general, and to obtain the benefit of plaintiff's trade, good will and advertising and to induce the public to believe that defendant corporation was in some way connected or affiliated with the plaintiff.

**SIXTEENTH**: Upon information and belief, the public have been confused and deceived by the said wrongful acts of the defendant company into the belief that said defendant's business is a part of or authorized by plaintiff and that the services to be rendered to such public would be of a superior quality in conformity with plaintiff's reputation and good will.

**SEVENTEENTH**: Prior to the commencement of this action, plaintiff made due demand upon defendant to cease such unlawful acts and desist from the use of said name "View", "Vue" or any similar name as part of its publication, and vending stands but defendant has refused so to do, and now is continuing such use and threatens so to do in the future as plaintiff is informed and verily believes.

**EIGHTEENTH**: Plaintiff has no adequate relief at law and its damages cannot be adequately assessed in money, and it cannot obtain any relief save in this court by injunction and accounting.

**NINETEENTH**: By reason of the facts and circumstances aforementioned, plaintiff has been and now is and hereafter shall be hindered and unlawfully interfered with by the use by the defendant company of the word "View", "Vue" and any derivative thereof as part of its company name, and will be damaged by the diversion of its customers and trade name and that plaintiff will suffer great and irreparable loss and damage in reputation and/or money.

*WHEREFORE*, plaintiff demands judgment as follows:

(1) That said defendants, and their agents, servants and employees be forever restrained from using the word "View", "Views", "Vue" and "Vues" as part of defendant company's name or in connection with its business either alone or in conjunction with other words;

(2) That the defendant company and its agents, servants and employees, be required to obliterate, delete and remove the said company name and the word "View", "Views", "Vue" and "Vues" contained therein from defendant company's publication, business offices, stationery, listings, telephone books, signs, advertising and wheresoever else the same may appear in connection with the said business;

(3) That the defendants and their agents, servants and employees be forever restrained from in any manner making representations likely or tending to lead the public into the belief that the business being conducted by the defendant under the name "View", "Views", "Vue" and "Vues" is the business of the plaintiff or is in any way affiliated or connected therewith;

(4) That defendants render an accounting to plaintiff of all business conducted by them under the said company name and requiring defendant to pay damages sustained by plaintiff by reason of (all business conducted by it under the said company name and) the unlawful use of its company name, and to pay over to plaintiff all profits realized by defendant company by reason of such use;

**(5)** That during the pendency of this action, a temporary injunction issue to the same purport, tenor and effect as hereinbefore prayed for with respect to the permanent injunction; and

**(6)** For such other and further relief as to this court may be just, proper and equitable together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      September 18, 2019

CRAIG S. GOLDSMITH, ESQ.
Attorney for Plaintiff
1829 East 19th Street
Brooklyn, New York 11229
718-336-0001

# VERIFICATION

**STATE OF NEW YORK}**
**COUNTY OF KINGS    }**

**ARI HIRSCH**, being duly sworn, deposes and says:

He is an officer of **TV VUES ADVERTISING AGENCY, INC.,** the plaintiff in the above entitled

action which is a corporation created under and by virtue of the laws of the State of New York;

that he has read the foregoing complaint and knows the contents thereof; that the same is true

to his knowledge, except as to the matters therein stated to be alleged upon information and belief, and

that as to those matters he believes them to be true.

_____
**ARI HIRSCH**

Sworn To Before Me This
_____ Day of September 2019.

_____
**NOTARY PUBLIC**

CRAIG S. GOLDSMITH
Notary Public, State of New York
No. 02GO6079824
Qualified in Kings County
Commission Expires March 24, 2023

Index No.: $35/7-19$

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

Plaintiff,

-against-

THE BORO PARK VIEW LLC,

Defendant.
-----------------------------------------------------------------X

---

## VERIFIED COMPLAINT

---



SIGNATURE PURSUANT TO
RULE 22 NYCRR §130-1.1(a)

CRAIG S. GOLDSMITH

**LAW OFFICE OF CRAIG S. GOLDSMITH**
1829 East 19th Street
Brooklyn, New York 11229
Tel. (718) 336-0001
Email: goldsmithslaw@gmail.com



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

**SUPREME** COURT, COUNTY OF **KINGS**

Index No.: 3517-19      Date Index Issued: 09/19/2019

| For Court Use Only: |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**      Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

TV VUES ADVERTISING AGENCY, INC.,

Plaintiff(s)/Petitioner(s)

-against-

THE BORO PARK VIEW LLC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**      Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify):_____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**      Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):      ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution      [see *NOTE* in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ◉ Other Tort (specify): Equity, injunctive relief

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**      Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ○ | ◉ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ◉ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**      Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice      Date Issue Joined: _____
- ○ Notice of Motion      Relief Requested: _____      Return Date: _____
- ○ Notice of Petition      Relief Requested: _____      Return Date: _____
- ◉ Order to Show Cause      Relief Requested: TRO/Preliminary Injunction      Return Date: _____
- ○ Other Ex Parte Application      Relief Requested: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
| NONE | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**PARTIES** — For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Un-Rep | Parties (List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.)) | Attorneys and Unrepresented Litigants (For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email.) | Issue Joined (For each defendant, indicate if issue has been joined.) | Insurance Carriers (For each defendant, indicate insurance carrier, if applicable.) |
|---|---|---|---|---|
| ☐ | Name: TV Vues Advertising Agency, Inc. <br> Role(s): Plaintiff | CRAIG S. GOLDSMITH, ESQ., 1829 E. 19TH ST., BKLYN, NY 11229 <br> 718-336-0001, GOLDSMITHSLAW@GMAIL.COM | ○ YES ○ NO | |
| ☐ | Name: The Boro Park View LLC <br> Role(s): Defendant | ARONBERG GOLDGEHN, 330 N. WABASH AVE, SUITE 1700, CHICAGO, IL 60611-3586 <br> 312-755-3161, By: CHRISTOPHER W. NIRO, cniro@agaglaw.com | ○ YES ◉ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |
| ☐ | Name: <br> Role(s): | | ○ YES ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 09/18/2019

_____
Signature

2792356
Attorney Registration Number

CRAIG S. GOLDSMITH
Print Name



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

**SUPREME** COURT, COUNTY OF **KINGS**

Index No: *3517-19*    Date Index Issued: _09/19/2019_

| For Court Use Only: |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

TV VUES ADVERTISING AGENCY, INC.,

Plaintiff(s)/Petitioner(s)

-against-

THE BORO PARK VIEW LLC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify):_____
NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).

**REAL PROPERTY**    Specify how many properties the application includes:____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):    ○ Residential    ○ Commercial
  Property Address:_____
  NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify):_____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify):_____

**MATRIMONIAL**
- ○ Contested
  NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).
  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify):_____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify):_____
- ○ Other Negligence (specify):_____
- ○ Other Professional Malpractice (specify):_____
- ◉ Other Tort (specify): Equity, injunctive relief

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify):_____
- ○ Other Special Proceeding (specify):_____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ○ | ◉ | If yes, date filed:_____ |
| Has a summons and complaint or summons with notice been served? | ○ | ◉ | If yes, date served:_____ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, Judgment date:_____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined:_____
- ○ Notice of Motion    Relief Requested:_____    Return Date:_____
- ○ Notice of Petition    Relief Requested:_____    Return Date:_____
- ◉ Order to Show Cause    Relief Requested: TRO/Preliminary Injunction    Return Date:_____
- ○ Other Ex Parte Application    Relief Requested:_____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify):_____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. |
|---|---|
| | If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). |

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. |
|---|---|
| | If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). |

| Un-Rep | Parties List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined For each defendant, indicate if issue has been joined. | Insurance Carriers For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: TV Vues Advertising Agency, Inc.  Role(s): Plaintiff | CRAIG S. GOLDSMITH, ESQ., 1829 E. 19TH ST., BKLYN, NY 11229  718-336-0001, GOLDSMITHSLAW@GMAIL.COM | ○ YES  ○ NO | |
| ☐ | Name: The Boro Park View LLC  Role(s): Defendant | ARONBERG GOLDGEHN, 330 N. WABASH AVE, SUITE 1700, CHICAGO, IL 60611-3586  312-755-3161, By: CHRISTOPHER W. NIRO, cniro@agaglaw.com | ○ YES  ⦿ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 09/18/2019

_____
Signature

2792356
Attorney Registration Number

CRAIG S. GOLDSMITH
Print Name

At an IAS Part 10 of the Supreme Court,
State of New York held in and for the
County of Kings, at the Courthouse located
at 360 Adams Street, Brooklyn, New York
on the _19_ day of September, 2019.

**P R E S E N T:**

Hon _Leon Ruchelsman_
                    Justice SC

-----------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

Index No.: _3517-19_

                    Plaintiff,

      -against-

THE BORO PARK VIEW LLC,

                    Defendant.

-----------------------------------------X

**ORDER TO SHOW
CAUSE WITH
TEMPORARY
RESTRAINING ORDER**

      Upon reading and filing the annexed affirmation of **ARI HIRSCH** sworn to

September 19, 2019, the affirmations of **CRAIG S. GOLDSMITH, ESQ.**, duly affirmed

on the 18th day of September, 2019, summons and complaint, and all the exhibits annexed

hereto :

      **LET DEFENDANT** or its attorney show cause before this Court at Part IAS 13 to be held

at the Courthouse located at 360 Adams Street Brooklyn, New York on the 30th day of

_September_, 2019 at 9:30 a.m. in the forenoon of that day or as soon thereafter as counsel

can be heard, why an Order should not forthwith be entered for a temporary restraining order and

preliminarily restraining and enjoining defendants, their agents, servants, and employees, from

using in their business or in any manner in connection with their business the name "View," or

"Vue" or any simulation or approximation of the name "Vue," either alone or in conjunction

KINGS COUNTY CLERK
FEE PD $ 45.00

with any other words; and to further show cause, if any they have, why an order should not be made and entered in this action on the grounds that plaintiff has demanded and will be entitled to a judgment permanently restraining the defendant from the use of such words in its company name, publication and its business and that continued use of such name during the pendency of the action will produce irreparable injury to the plaintiff;

*stay*

~~ORDERED that pending a hearing and determination of Plaintiff's application Defendant, their agents, servants, and employees are hereby enjoined and restrained from using in their business or in any manner in connection with their business the name "View", "Vue" or any simulation or approximation thereof either alone or in conjunction with any other words and it is further~~

*personal*

LET ~~SERVICE~~ of a copy of this order, the summons and complaint together with all attachments be served on Defendant's attorneys, **Aronberg Goldgehn** by **Christopher W. Niro** ~~at cniro@agdglaw.com~~ and on **Jennifer B. Zourigui** at ~~atizourigui@ingramllp.com~~ of **Ingram, LLP.** on or before *September 23, 2019* ~~be deemed sufficient service~~ on Defendant, The Boro Park View LLC.

ENTER:

J. S. C.

HON. LEON RUCHELSMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

Index No.: 3517-19

                                          Plaintiff,          **AFFIDAVIT IN SUPPORT**

      -against-

THE BORO PARK VIEW LLC,

                                          Defendant.
------------------------------------------------------------X

ARI HIRSCH, being duly sworn deposes and says as follows:

1.  I am an officer to the plaintiff corporation, TV VUES ADVERTISING AGENCY,
    INC., as such am fully familiar with the facts and circumstances to the above
    captioned matter and authorized to act on behalf of Plaintiff.

2.  I submit this affidavit in support of the within Order To Show Cause seeking a
    temporary restraining order and preliminarily restraining and enjoining defendants,
    their agents, servants, and employees, from using in their business or in any manner
    in connection with their business the name "View" or "Vue" or any simulation or
    approximation of the name "Vue," either alone or in conjunction with any other
    words; and to further show cause, if any they have, why an order should not be
    made and entered in this action  on the grounds that plaintiff has demanded and will
    be entitled to a judgment permanently restraining the defendant from the use of
    such words in its company name, publication and its business and that continued
    use of such name during the pendency of the action will produce irreparable injury

to the Plaintiff.

3. Plaintiff was established in or about 1977 and formally incorporated under the name TV Vues Advertising Agency, Inc. in 1986 as evidenced by the NY State Department of State Division of Corporations Entity Information. A true copy of the printout from the aforementioned governmental entity is annexed hereto and made a part hereof as **EXHIBIT 1**.

4. Since in or about 1998, Plaintiff has been doing business as "The Vues".

5. Since in or about 2009 Plaintiff has been doing business as "Country Vues"

6. Since in or about April 2019, Plaintiff has been doing business as "The Jewish Vues".

7. Plaintiff's business consists of publishing, a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), contests, pictures of religious figures, community photos, events and issues within and directed at the Brooklyn Jewish community.

8. "Vues" has become to be synonymous with Plaintiff and any other similar publication using "Vue" or View" or any similar name is cause for confusion to the public.

9. A search of the NY State Department of State Division of Corporations Entity Information indicates that defendant company was established just seven (7) weeks ago on July 30, 2019 under the name "The Boro Park View LLC"; a true copy of the printout from the aforementioned is annexed hereto and made a part hereof as **EXHIBIT 2**.

10. Upon and information and belief Defendant company was formed for the principal purposes of publishing, a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), contests, pictures of religious figures, community photos, events and issues within and directed at the Brooklyn Jewish community.

11. And while there are other similar publications to Plaintiff's none of them utilize Plaintiff's name or any simulation or approximation thereof.

12. On or about September 2, 2019 the defendant began publishing its weekly publication known as "THE BORO PARK VIEW".

13. Unless this order is issued Plaintiff will suffer immediate and irreparable injury, loss and damage to its good reputation and name as Defendant's use of "View" is injurious to Plaintiff's name.

14. Upon information and belief defendant has more than one-hundred (100) newsstands dispensing the weekly publication and using the word "View" in its name.

15. Upon information and belief Defendant intentionally utilized the word "View" and inserted it into the name of the Defendant company, publication and news stands for the purpose of deceiving, misleading, imposing upon and confusing the customers and patrons of the Plaintiff and the public in general, and to obtain the benefit of Defendant was in some way connected or affiliated with the Plaintiff.

16. At the time of trial of this matter it is likely that a meritorious verdict in favor of Plaintiff will be entered. Defendant had many other options in choosing a name

but chose to use "View" in an effort to gain unfair business advantage.

17. "View" and "Vue" are both pronounced the same and they have the same auditory sound when spoken.

18. Coupled together with the content of the publications and being placed in the same targeted geographic location it is clear that injunctive relief is needed to protect Plaintiff.

19. The general public will be confused into believing that Defendant is in some way connected with Plaintiff in reliance on name recognition and may in fact do business with Defendant in a false belief that they are actually doing business with Plaintiff.

20. Plaintiff's relationship with the public will be irreparably damaged in that Defendant's standards of conduct are unknown other than that it is utilizing Plaintiff's good name and reputation in its operation of its business without Plaintiff's consent.

21. Over a period of decades "Vues" has come to have a secondary meaning in the industry and is associated with Plaintiff.

22. In an effort to avoid litigation; prior to filing this action Plaintiff instructed its attorney to contact Defendant requesting that Defendant cease and desist from the aforementioned actions.

23. Upon information and belief extensions of time were granted by Plaintiff, through counsel, to Defendant in an effort to resolve this matter without court intervention.

24. It has become clear that Defendant was simply taking advantage of Plaintiff's courtesies good nature and simply stalling for additional time.

25. Plaintiff has no objection to fair competition; however, does object to unfair competition; specifically the utilization of the word "View" or "Vue" or any derivative thereof in Defendant's name and publication which leads to confusion by the public and customers of Plaintiff corporation.

26. Plaintiff has an established name and reputation in the community which has come about through more than forty years of building its name in business and known as "THE VUES". The word "View" and "Vue" have both visual and auditory similarity and Defendant's use of "View" in its name is clearly being utilized in order to profit off of Plaintiff's good name.

27. Plaintiff has already been contacted by a number of individuals who upon information and belief, believed Plaintiff to be the owner of Defendant company, and requested advertising rates.

28. Defendant's continued use of Plaintiff's good name or any derivation thereof will lead to further confusion by the public.

29. Defendant's use of "View" constitutes unfair business competition, in that Plaintiff established its success in business and name over a forty (40) year period of time and where Defendant only began publishing three (3) weeks ago in an effort to capitalizing off of Plaintiff's reputation.

30. It is imperative that an order restraining the Defendant be made forthwith as each additional issue published by Defendant will lead to further confusion of the public and damage to Plaintiff's good name and reputation.

31. No prior application for the within requested relief has been made.

**WHEREFORE**, it is respectfully requested that the within application be granted together with such other and further relief as this Court may deem just, proper and equitable.

ARI HIRSCH

Sworn To Before Me This
_____ Day of September 2019.

NOTARY PUBLIC

CRAIG S. GOLDSMITH
Notary Public, State of New York
No. 02GO8074924
Qualified in Kings County
Commission Expires March 24, 2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

Index No.: 3517-19

Plaintiff,

ATTORNEY AFFIRMATION

-against-

THE BORO PARK VIEW LLC,

Defendant.

------------------------------------------------------------X

CRAIG S. GOLDSMITH, an attorney duly admitted to practice law in all the courts of the State of New York hereby affirms under penalties of perjury pursuant to CPLR §2106 as follows:

1. I am the attorney for Plaintiff and as such am fully familiar with the facts and circumstances of this case based on my discussions with my clients and the file maintained by office.

2. This affirmation is being submitted in support of the within application for a temporary restraining order.

3. In an effort to avoid being duplicative the annexed affidavit of Ari Hirsch is herein incorporated by reference as if fully set out herein.

### NOTICE.

4. On September 5, 2019, your affirmant, on behalf of Plaintiff sent an email to comments@thebpview.com, the email address indicated on Defendant's publication; said email was in pertinent part a Demand for Defendant to Cease and Desist use of Plaintiff' name in its business or any similar name in its publication and vending units. A true coy of that email is annexed hereto and

made a part hereof as Plaintiff's **EXHIBT 3**.

5. No response was received to the above referenced email and so four (4) days later, on September 9, 2019, your affirmant served the Defendant notice of the within application via email addressed to comments@thebpview.com; a true copy of that notice is annexed hereto and made a part hereof as Plaintiff's **EXHIBT 4**.

6. On September 9, 2019, your affirmant received correspondence from Attorney, Christopher W. Niro of the law firm, Aronberg Goldgen indicating that his office was representing the Defendant. Said communication was received via email from cniro@agdglaw.com.

7. Counsel thereafter engaged in a telephone conference and Plaintiff acquiesced and consented to holding off on filing the within application.

8. On September 13, 2019, after the time requested having passed and without any responsive communication on behalf of Defendant your affirmant noticed the within application for September 16, 2019 and served Defendant through counsel at cniro@agdglaw.com.; a true copy of that email is annexed hereto as **EXHIBIT 6**.

9. Within minutes of the aforementioned email noticing the application for September 16, 2019, request was made on behalf of Defendant to file this order to show cause a day later, Tuesday, September 17, 2019; and Plaintiff again consented. Said emails are annexed as Plaintiff's **EXHIBIT 7i and 7ii respectively**.

10. Not being available to appear on September 17, 2019 your affirmant sent notice to Defendant's counsel that the application would be filed on September 19, 2019.

A true copy of the aforementioned notice is annexed hereto and made a part hereof as Plaintiff's **EXHIBIT 8.**

## ISSUE

11. The issue is whether the Court should issue a temporary restraining order in favor of Plaintiff, as against Defendant's from using in its business or in any manner in connection with its business the name "View", "Vue" or any simulation or approximation of the name "Vue," either alone or in conjunction with any other words, where Plaintiff who has been in business since in or about 1977 and who incorporated in 1986 as TV Vues Advertising Agency, Inc. and who has been doing business as "The Vues"; "Country Vues"; TV Vues"; "The Jewish Vues", and who publishes a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), contests, pictures of religious figures, community photos, events and issues within and directed at the Brooklyn Jewish community, and where Defendant, "The Boro Park View" and who publishes a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), contests, pictures of religious figures, community photos, events and issues within and directed at the Brooklyn Jewish community, in order to protect Plaintiff's good name and reputation which will be irreparably harmed if the injunctive relief is not granted.

## APPLICABLE LAW-INJUNCTIVE RELIEF

12. Courts have established a three prong test to determine whether a preliminary injunction should be granted with the decision being in the sound discretion of the court; *Doe v. Axelrod*, 73 N.Y.2d 748, 750 (1988); *Zoller v. HSBC Mtge. Corp.*, 135 A.D.3d 932, 933 (2d Dept. 2016).

13. The test requires the movant seeking the preliminary injunctive relief to demonstrate (1) probability of success on the merits; (2) irreparable harm absent the injunction; and (3) the balance of the equities favoring the relief sought. *Zoller*, 135 A.D.3d at 933.

14. In the recent Second Department case of *Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp.*, 2016-06051, 602243/16 (August 1, 2018) the Appellate Division recognizing that the preliminary injunction was properly ordered held that the likelihood of success on the merits was demonstrated by Plaintiff in showing that the public was likely to be confused with the Defendant's name and the name of Plaintiff. The Court also noted that the word "Apple" had a secondary meaning which came to be associated with Plaintiff' business.

15. In *Apple*, the Appellate Division went on to note that the likelihood of confusion created by the use of the name "Apple" by the defendant, who was in the same business as the plaintiff, in the same market, and which would affect the plaintiff's reputation with customers and potential customers, constituted irreparable harm.

16. And in balancing of equities the Second Department held that use of Plaintiff's tradename since 1985 tipped the scale in the favor of the plaintiff.

17. The Appellate courts have held that the Plaintiff need only demonstrate that it will likely be successful on the merits of the case and need not be conclusive. *Terrell*

*v. Terrell*, 279 A.D.2d 301 (1st Dept. 2001); ***McLaughlin, Piven, Vogel v. Nolan & Co.***, 114 A.D.2d 165, 172-173 (2d Dept.) A prima facie showing of a right to relief is enough; actual proof of the case should be left for additional proceedings within the case, *lv. denied*, 67 N.Y.2d 606 (2d Dept. 1986).

18. In the second Department case, ***Frank's Rest., Inc. v. Lauramar Enterprises, Inc.***, 273 A.D.2d 349, 711 N.Y.S.2d 433, 2000 N.Y. Slip Op. 06193 (June 2000), the plaintiff applied for an injunction on the basis of trademark infringement and unfair competition where defendant used "Frank's Steaks" in its restaurant. There the Court held that,

> *"a plaintiff is entitled to an injunction in equity where the plaintiff can show that the defendant's use of the trademark is likely to cause confusion, mistake, or deception; **actual confusion need not be shown** (see, Allied Maintenance Corp. v Allied Mech. Trades, 42 NY2d 538, 543). "Nor is it any excuse or justification that defendant is using his own name or any part of it, or that the parties are not in actual competition or in identically the same line of business" (Harvey Mach. Co. v Harvey Aluminum Corp., 9 Misc 2d 1078, 1081; see also, Sullivan v Sullivan Radio & T.V., 1 AD2d 609, 610-611)".*
> (emphasis added)

The Second Department went on to hold,

> *"the plaintiff did show that the defendant has adopted and is using a name similar to the plaintiff's name and registered service mark, and that such use has resulted in deception and confusion. Thus the plaintiff is entitled to a preliminary injunction"*

19. The First Department in ***Dobbs & Co. v Cobbs Haberdasher, Inc.***, 226 A.D. 372, 235 N.Y.S. 422, stated in pertinent part,

*"It is entirely apparent to this court that the defendant, a competitor of plaintiff, has adopted its corporate name with a view of profiting from the long-established and successful business of plaintiff." The Appellate Division went on to note, "the use of the name 'Cobbs' by the defendant will, in our opinion, result in serious confusion of trade and deception of the public, and the adoption and use by defendant of a name so similar to plaintiff's trade name, in our opinion, constitutes an act of unfair competition."* (emphasis added)

### INJUNCTION REQUIRED

20. Here, the Plaintiff is likely to win on the merits of this case. Plaintiff has been in the publication industry for over four (4) decades utilizing the word "Vues" which has come to be synonymous with Plaintiff's publication in the Jewish community within Brooklyn including Boro Park. Moreover, the public will likely confuse the defendant's name with the name of Plaintiff; *Apple, Dobbs & Co.*

21. Defendant has clearly employed the word "View" in its name in an effort to profit off of Plaintiff's long established and successful business. Although actual confusion need not be demonstrated continued use of "View" or any derivation auditory or otherwise may result in serious confusion and deception to the public, and by utilizing a name so similar to Plaintiff's is an act of unfair competition requiring injunctive relief; *Dobbs & Co.*; *Frank's Rest., Inc.*; *Apple*

22. While actual confusion is not required; the affidavit of Ari Hirsch indicates that the public has already expressed its confusion; *Frank's Rest*

23. Defendant is engaged in the same business as Plaintiff, in the same market, and its continued use of "View" will have an adverse impact on Plaintiff's reputation with customers and potential customers, constituting irreparable harm and even if Defendant were not in the identical business as Plaintiff, it is never the less entitled

to a preliminary injunction as a matter of equity; *Apple; Frank's Rest*

24. Defendant's utilization of "View" is so similar to Plaintiff's name that it constitutes unfair competition; *Frank's Rest., Inc.*

25. The injury to Plaintiff if the injunctive relief is not granted is irreparable injury to a reputation made over more than forty (40) years in the industry whereas the Defendant can simply use a myriad of other words in the name of its business other than "Vue", "View" or the like and continue doing business; *Apple*

26. A balance of the equities weighs heavily in favor of Plaintiff who established its business using the word "Vue" in its name over forty years ago and having incorporated in 1986 as against Defendant who filed as a limited liability company just weeks ago prior to the making of this affirmation; *Apple*

27. As indicated in the affidavit of support of Ari Hirsch, Plaintiff has no issue with fair competition in its industry, in fact there are other similar publications; however, Defendant's use of Plaintiff's name is soundly unfair.

28. Plaintiff has laid out a prima facie case of its right to injunctive relief *Terrell*; *McLaughlin, Piven, Vogel v. Nolan & Co.*

## CONCLUSION

29. Having established its prima facie case, Plaintiff, who has established its place in the Jewish publication industry since 1977 and who publishes a weekly full color Jewish oriented publication with a focus on local advertisements and Jewish community interests which include articles & columns related to recipes, Divrei Torah (biblical teachings), contests, pictures of religious figures, community photos, events and issues within and directed at the Brooklyn Jewish community

and where Defendant has only been established weeks ago with the same content in its publication, demonstrates the likelihood that Plaintiff will be successful on the merit of this litigation, and where Defendant's continued use of the word "View" or "Vue" in its name or any simulation thereof will result in irreparable harm to Plaintiff's reputation, and where a balancing of equities weighs in favor of the Court exercising its sound discretion so that a temporary restraining order should be issued forthwith and a preliminary injunction in favor of Plaintiff and against Defendant from using the word "Vue", "View" or any simulation or approximation of the name "Vue," either alone or in conjunction with any other words; *Doe*; *Zoller*; *Terrell*; *McLaughlin, Piven, Vogel v. Nolan & Co*; *Apple*; *Dobbs & Co.*; *Frank's Rest., Inc.*

**WHEREFORE**, your affirmant respectfully requests that the within application be granted in its entirety together with such other and further relief as this court deems just, proper and equitable.

Dated: Brooklyn, New York
September 18, 2019

CRAIG S. GLDSMITH

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through September 11, 2019.

Selected Entity Name: TV VUES ADVERTISING AGENCY, INC.

#### Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | TV VUES ADVERTISING AGENCY, INC. |
| DOS ID #: | 1133552 |
| Initial DOS Filing Date: | DECEMBER 29, 1986 |
| County: | KINGS |
| Jurisdiction: | NEW YORK |
| Entity Type: | DOMESTIC BUSINESS CORPORATION |
| Current Entity Status: | ACTIVE |

#### Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ALAN HIRSCH
1262 EAST 23RD ST.
BROOKLYN, NEW YORK, 11210

**Chief Executive Officer**
ALAN HIRSCH
1262 EAST 23RD STREET
BROOKLYN, NEW YORK, 11210

**Principal Executive Office**
ALAN HIRSCH
1262 EAST 23RD STREET
BROOKLYN, NEW YORK, 11210

**Registered Agent**
NONE

This office does not record information regarding the
names and addresses of officers, shareholders or

directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by <u>viewing the certificate.</u>

## *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

## Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| DEC 29, 1986 | Actual | TV VUES ADVERTISING AGENCY, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through September 11, 2019.

Selected Entity Name: THE BORO PARK VIEW LLC
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | THE BORO PARK VIEW LLC |
| DOS ID #: | 5595539 |
| Initial DOS Filing Date: | JULY 30, 2019 |
| County: | ALBANY |
| Jurisdiction: | NEW YORK |
| Entity Type: | DOMESTIC LIMITED LIABILITY COMPANY |
| Current Entity Status: | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
THE LIMITED LIABILITY COMPANY
P.O. BOX 305
MONSEY, NEW YORK, 10952

**Registered Agent**

NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|

No Information Available

*Stock information is applicable to domestic business corporations.

## Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUL 30, 2019 | Actual | THE BORO PARK VIEW LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search



## Re: Cease and Desist

1 message

**craig goldsmith** <goldsmithslaw@gmail.com>
To: comments@thebpview.com
Bcc: craig goldsmith <goldsmithslaw@gmail.com>

Thu, Sep 5, 2019 at 1:41 PM

Please take notice that my office represents TV Vues Advertising Agency, Inc. d/b/a The Vues, The Jewish Vues, Country Vues and other names.

On behalf of said corporation and in an effort to resolve this matter in an amicable fashion demand is hereby made for you to immediately cease and desist use of "Vue", "View" or any similar name in your publication and vending units.

Your current publication "The Boro Park View" creates confusion and is being distributed in the same geographic location as my client's publication.
Kindly contact my office forthwith or in the event you have an attorney please have your attorney's office contact me. However, in the event this matter is not rectified immediately my client has directed me to file an application with the court for an injunction.

Sincerely,
Craig Goldsmith
Law Office of Craig S. Goldsmith
1829 East 19th Street
Brooklyn, New York 11229
(718) 336-0001

**IMPORTANT NOTICE:** This electronic mail message, including any attachments, may contain privileged and confidential information that is intended solely for the use of the individual or entity addressed above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by email and delete this message and destroy any paper copies. Thank you for your cooperation.



**(no subject)**
1 message

---

craig goldsmith <goldsmithslaw@gmail.com>
To: comments@thebpview.com

Mon, Sep 9, 2019 at 3:50 PM

---

***PLEASE TAKE NOTICE*** that an Order To Show Cause will be filed tomorrow morning at Kings County Supreme Court, 360 Adams Street, Brooklyn, New York at 9:30 am or as soon after as said application may be heard for an order restraining your company from using the word "Vue", "View" or any similar name in your publication and vending units.

Sincerely,
Craig Goldsmith
Law Office of Craig S. Goldsmith
1829 East 19th Street
Brooklyn, New York 11229
(718) 336-0001

**IMPORTANT NOTICE:** This electronic mail message, including any attachments, may contain privileged and confidential information that is intended solely for the use of the individual or entity addressed above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by email and delete this message and destroy any paper copies. Thank you for your cooperation.


## Fwd: Cease & Desist email to The Boro Park View

**Christopher W. Niro** <cniro@agdglaw.com>
To: "goldsmithslaw@gmail.com" <goldsmithslaw@gmail.com>

Mon, Sep 9, 2019 at 4:50 PM

Counsel,

I mistakenly omitted an "s" in your email address.

We would appreciate the opportunity to respond to your letter substantively.

We were told that you intend to file for a preliminary injunction. We would rather deal with this matter between the parties first.

Chris

**Christopher W. Niro**
cniro@agdglaw.com

 *ARONBERG GOLDGEHN*

Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Direct: (312) 755-3161 / Fax: (312) 222-6381/ www.agdglaw.com

**MY BIO | MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

Begin forwarded message:

> **From:** "Christopher W. Niro" <cniro@agdglaw.com>
> **Date:** September 9, 2019 at 12:55:12 PM CDT
> **To:** "goldsmithlaw@gmail.com" <goldsmithlaw@gmail.com>
> **Cc:** "Kristina D. Diesner" <kdiesner@agdglaw.com>, "William L. Niro" <wniro@agdglaw.com>
> **Subject: Cease & Desist email to The Boro Park View**
>
> Craig,
>
> Our firm represents The Boro Park View LLC, and have just been sent a copy of your email from September 5, 2019. I have not yet received any further information from our client except for your email. We will provide a substantive response to your email after we have an opportunity to look into the facts surrounding this situation.
>
> I appreciate your understanding.

Best regards,

Chris


**Christopher W. Niro**
cniro@agdglaw.com

Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Direct: (312) 755-3161 / Fax: (312) 222-6381/ www.agdglaw.com

**MY BIO | MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

 imagea3fe37.JPG 7K



## Re: Order to show cause

**Craig Goldsmith** &lt;goldsmithslaw@gmail.com&gt;
To: cniro@agdglaw.com
Bcc: goldsmithslaw@gmail.com

Fri, Sep 13, 2019 at 9:08 AM

Dear Mr. Niro:

Please take notice that an order to show cause will be filed on September 16, 2019, Monday morning at Kings County Supreme Court, 360 Adams St., Brooklyn, NY at 9:30 AM or as soon there after as counsel may be heard requesting a temporary restraining order against your client from using the word "VIEW", "VUE" or any derivation thereof in its business name and publication.

Thank you,
Craig S. Goldsmith
Law Office of Craig S. Goldsmith
1829 E. 19th Street
Brooklyn, New York 11229
718-336-0001


## Re: Order to show cause

**Christopher W. Niro** <cniro@agdglaw.com>
To: Craig Goldsmith <goldsmithslaw@gmail.com>
Cc: Benjamin Haskin <bhaskin@agdglaw.com>, "William L. Niro" <wniro@agdglaw.com>

Fri, Sep 13, 2019 at 9:26 AM

Craig,

As you see, I'm out of my office with family matters.

Beyond that, our client has offered to place a disclaimer on its publication stating that the Boro Park View is not affiliated with, sponsored or endorsed by the Jewish Vues.

We believe that the dissimilarity between the two publications is sufficient to prevent any potential confusion. We do not believe that any consumer or reader would view our client's high gloss, full color magazine to be at all similar to your client's newspaper.

If you believe that you must file, I ask you to notice the motion for Tuesday morning so I can appear personally.

Thank you,

Chris


**Christopher W. Niro**
cniro@agdglaw.com

 ARONBERG
GOLDGEHN

Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
Direct: (312) 755-3161 / Fax: (312) 222-6381/ www.agdglaw.com

**MY BIO | MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

[Quoted text hidden]


## Re: Order to show cause

**Craig Goldsmith** <goldsmithslaw@gmail.com>
To: "Christopher W. Niro" <cniro@agdglaw.com>
Bcc: goldsmithslaw@gmail.com

Sun, Sep 15, 2019 at 2:22 PM

Dear Mr. Niro:

My client has agreed to wait until Tuesday morning to file.

I was also contacted by a Ms.Zourigui who advised that her office is representing The Boro Park View LLC.

Please clarify if you're office is representing The Boro Park View LLC together with another firm or alone.

Thank you,
Craig S. Goldsmith
Law Office of Craig S. Goldsmith
1829 E. 19th Street
Brooklyn, New York 11229
718-336-0001

On Sep 13, 2019, at 9:26 AM, Christopher W. Niro <cniro@agdglaw.com> wrote:

> Craig,
>
> As you see, I'm out of my office with family matters.
>
> Beyond that, our client has offered to place a disclaimer on its publication stating that the Boro Park View is not affiliated with, sponsored or endorsed by the Jewish Vues.
>
> We believe that the dissimilarity between the two publications is sufficient to prevent any potential confusion. We do not believe that any consumer or reader would view our client's high gloss, full color magazine to be at all similar to your client's newspaper.
>
> If you believe that you must file, I ask you to notice the motion for Tuesday morning so I can appear personally.
>
> Thank you,
>
> Chris
>
>
> **Christopher W. Niro**
> cniro@agdglaw.com
>
> <image425f50.JPG>
> Aronberg Goldgehn / 330 N. Wabash Ave. / Suite 1700 / Chicago, IL 60611-3586
> Direct: (312) 755-3161 / Fax: (312) 222-6381/ www.agdglaw.com
>
> MY BIO | MY VCARD
>
> This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
>
> [Quoted text hidden]

 Gmail

craig goldsmith <goldsmithslaw@gmail.com>

## Re: TV Vues Advertising Agency, Inc v. The Boro Park Views LLC
1 message

**Craig Goldsmith** <goldsmithslaw@gmail.com>
To: cniro@agdglaw.com
Bcc: goldsmithslaw@gmail.com

Mon, Sep 16, 2019 at 2:50 PM

Please take notice that an order to show cause will be filed on September 19, 2019, at Kings County Supreme Court, 360 Adams St., Brooklyn, NY at 9:30 AM or as soon there after as counsel may be heard requesting a temporary restraining order against your client from using the word "VIEW", "VUE" or any derivation thereof in its business name and publication.
KINDLY IGNORE ANY PREVIOUS NOTICE.

Thank you,
Craig S. Goldsmith
Law Office of Craig S. Goldsmith
1829 E. 19th Street
Brooklyn, New York 11229
718-336-0001

Index No.: 3517-19

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------X

TV VUES ADVERTISING AGENCY, INC.,

                                                Plaintiff,

-against-

THE BORO PARK VIEW LLC,

                                                Defendant.

-------------------------------------------------------------------X

## ORDER TO SHOW CAUSE



SIGNATURE PURSUANT TO
RULE 22 NYCRR §130-1.1(a)

CRAIG S. GOLDSMITH

recived 9/19
by Jennifer Zangui

**LAW OFFICE OF CRAIG S. GOLDSMITH**
1829 East 19th Street
Brooklyn, New York 11229
Tel. (718) 336-0001
Email: goldsmithslaw@gmail.com