UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TV VUES ADVERTISING AGENCY, INC.,

                  **Plaintiff,**　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

           **-against-**　　　　　　　　　　　　　**19-CV-5583 (RRM)**

THE BORO PARK VIEW, LLC,

                  **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff TV Vues Advertising Agency, Inc. ("TV Vues" or "plaintiff") commenced this action in New York State Supreme Court, Kings County, on September 18, 2019, alleging trademark infringement in connection with a weekly Jewish publication. See generally Verified Complaint (docketed Oct. 2, 2019) ("Complaint"), Electronic Case Filing Docket Entry ("DE") #1-1. On October 2, 2019, defendant The Boro Park View, LLC ("Boro Park" or "defendant") removed this matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of federal question jurisdiction. See Notice of Removal (Oct. 2, 2019) ¶¶ 3, 5, DE #1; see also Civil Cover Sheet, DE #1-2 (indicating, as the "Basis of Jurisdiction," "Federal Question," not "Diversity"). At an initial conference held before this Court on November 13, 2019, plaintiff's counsel confirmed on the record that plaintiff was not asserting any federal claims and asked that the action be remanded to state court. See Minute Entry (Nov. 13, 2019) ("11/13/19 Minute Entry") at 1, DE #9. This Court thereafter issued an order to show cause why the matter should not be remanded back to state court due to the absence of a federal question, see Order to Show Cause (Dec. 5, 2019) ("OTSC"), DE #14, and defendant timely responded on December 10, 2019, see Defendant's Response to the Court's December 5 Order to Show Cause (Dec. 10,

2019) ("Def. 12/10/19 Response"), DE #15.

For the reasons that follow, this Court respectfully recommends that this action be remanded to New York State Supreme Court, Queens County, for lack of jurisdiction.

## PROCEDURAL BACKGROUND

During the initial conference held on November 13, 2019, the parties discussed whether the Court had subject matter jurisdiction to hear the case, and, in response to plaintiff's request for a remand, the parties were directed to confer regarding whether this case should be remanded to state court, and to file a joint status report by December 5, 2019 regarding the same. See 11/13/19 Minute Entry. Instead of a joint status report, Boro Park submitted its own report on December 4, 2019, stating that "Defendant's Counterclaim presented a Federal Question and therefore, this case should remain before this Court." Defendant's Status Report (Dec. 4, 2019) ¶ 5 ("Def. Status Rep."), DE #11. Defendant further noted that it "has a pending federal trademark application for Boro Park View with serial number 88/867,628," which is "directly related" to plaintiff's suit. Id. The following day, TV Vues filed a separate status report, disputing the existence of federal question jurisdiction, and confirming that "[p]laintiff does not nor has [p]laintiff ever alleged any claim under Federal law." Plaintiff's Status Report (Dec. 5, 2019) ("Pl. Status Rep.") ¶ 3, DE #13. Plaintiff charged that while defendant's counterclaim alleged a federal question, it was designed "to create the illusion of the existence of a federal claim." Id. ¶ 5. Responding to defendant's assertion regarding its pending trademark application, plaintiff argued that "[d]efendant's pending . . . application for Boro Park View was only filed after the matter was filed in [state court] in an attempt to now fabricate a federal claim." Id.

2

That same day, the Court issued its Order to Show Cause, directing defendant to demonstrate why this matter should not be remanded to state court in light of the well-established principle that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." OTSC (citations omitted).  Defendant advances two arguments in its December 10, 2019 response: (1) that plaintiff's Complaint "seeks protection under Section 43(a) of the Lanham Act" in that "the action cannot be prosecuted, defended, or determined without resort to the Lanham Act"; and (2) that plaintiff's December 5, 2019 status report was "the first time [that] [p]laintiff affirmed that it does not rely on any federal statute, law or rule of any kind as part of [p]laintiff's cause of action and that [p]laintiff only cited state law cases in its pleadings."  Def. 12/10/19 Response at 4-5.  Defendant also requests that plaintiff "not assert a federal cause of action . . . without being responsible for [d]efendant's costs and actual expenses, including reasonable attorneys' fees incurred as a result of a federal lawsuit or another removal action." Id. at 5.

## APPLICABLE LEGAL STANDARDS

"Under 28 U.S.C. § 1441(a), an action that was originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court."  Singh v. N. Am. Airlines, 426 F.Supp.2d 38, 41 (E.D.N.Y. 2006) (citing Caterpillar v. Williams, 482 U.S. 386, 392 (1987)).  Additionally, "[b]ecause federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal."  Mahl Bros Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co., 307 F.Supp.2d 474, 485 (W.D.N.Y. 2004) (citing Somlyo

3

v. J. Lu-Rob Eners., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)); see also Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) ("[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability.") (citation omitted). The party that asserts jurisdiction – here, defendant – bears the burden of establishing that the case is properly in federal court. See generally United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

## DISCUSSION

Removal is improper in the instant case because the parties are not diverse and the Court lacks federal question jurisdiction. As a preliminary matter, to invoke federal question jurisdiction, the claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc., 482 U.S. at 392. A party responding to a complaint is not entitled to removal on account of (a) a defense that anticipates a federal issue or (b) a federal counterclaim. See Sovereign Bank, N.A. v. Lee, 968 F.Supp.2d 515, 517-18 (E.D.N.Y. 2013) (citing cases). It bears repeating that defendant's initial contention in its December 4, 2019 status report – that "[d]efendant's Counterclaim presents a Federal Question and therefore, this case should remain before this Court[,]" Def. Status Rep. ¶ 5 – runs contrary to clear precedent. See generally OTSC.

Defendant now argues that federal question jurisdiction exists because plaintiff's Complaint does not expressly state whether the claim arises under state or federal trademark law,

4

and that therefore the pleading can be read to assert a claim under the federal Lanham Act. See Def. 12/10/19 Response at 3-4.[1]  Plaintiff responds that it is seeking relief solely under state law, and therefore, plaintiff must be allowed to proceed in state court. See Pl. Status Rep. ¶¶ 3-4.  In support of this contention, plaintiff argues that "the only cases cited by [p]laintiff in its pleadings and in furtherance of its claims are State cases," id. ¶ 7, and that plaintiff's counsel advised defense counsel "on at least two (2) prior occasions that plaintiff's claims only stemmed from State law; including on 10/28/19 before Hon. Judge Peter P. Sweeney of Kings County Supreme Court of the State of New York" and during the initial conference with this Court the following month, see id. ¶ 6.

Defendant's current contention is not supported by case law.  A "plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir 1997) (quoting Caterpillar, 482 U.S. at 392).  "Whether or not plaintiff has elected to pursue a federal or state claim is to be determined from the face of the complaint."  Deats v. Joseph Swantak, Inc., 619 F.Supp. 973, 978 (N.D.N.Y. 1985).  Here, plaintiff's Complaint references neither state law nor federal trademark law.[2]  See generally Compl.  Instead, the pleading alleges facts that could support a finding of unfair competition under either Section 43 of the Lanham Act (governing unfair

---

[1] Defendant does not and cannot argue that this Court possesses exclusive jurisdiction over plaintiff's claim.  While federal courts enjoy exclusive jurisdiction with regard to patent and copyright claims, see 28 U.S.C. § 1338(a), Congress did not confer exclusive jurisdiction over claims brought under the Lanham Act, see Sears, Roebuck & Co. v. Sears Realty Co., Inc., 932 F.Supp. 392, 400 (N.D.N.Y. 1996) (noting that state courts have concurrent jurisdiction over Lanham Act claims).

[2] While "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[,]" Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983), nothing in the record suggests that plaintiff intentionally omitted information in its pleading in order to prevent removal.

competition, among other causes of action) or under New York common law. See id.; see also C=Holdings B.V. v. Asiarim Corp., 992 F.Supp.2d 223, 244 (S.D.N.Y. 2013) (noting that, "[i]n New York, common law trademark infringement and unfair competition claims largely mirror the Lanham Act claims" and finding that "[a]n unfair competition claim under New York common law requires all the elements of a Lanham Act unfair competition claim plus a showing of bad faith.") (quotation marks and internal citations omitted); F.W. Myers & Co. v. World Projects Int'l, Inc., 903 F.Supp. 353, 356 (N.D.N.Y. 1995) (determining that claims under New York state and federal trademark law require virtually the same elements and granting a plaintiff's motion to remand because its claim did not arise under the Lanham Act).[3]

"[F]ederal courts [are] unwilling to find a federal question by implication" where, as is the case here, "a state trademark or infringement action is sought to be removed to federal court

---

[3] To state a common law unfair competition claim, a plaintiff must show that "the defendants misappropriated the plaintiffs' labors, skills, expenditures, or good will and displayed some element of bad faith in doing so." Abe's Rooms, Inc. v. Space Hunters, Inc., 38 A.D.3d 690, 692, 833 N.Y.S.2d 138, 140 (2d Dep't 2007) (citing cases). Plaintiff alleges in its Complaint that "[t]he word 'View' was inserted into the name of the defendant company for the purpose of deceiving, misleading, and imposing upon and confusing the customers and patrons of the plaintiff and the public in general, and to obtain the benefit of plaintiff's trade, good will and advertising, and to induce the public to believe that defendant corporation was in some way connected or affiliated with the plaintiff." Compl. ¶ 15. Accordingly, and solely for the purpose of assessing the existence of subject matter jurisdiction, plaintiff appears to have pled a cause of action for unfair competition under New York state common law.

Defendant also argues that the remedies that plaintiff seeks – injunctive relief and monetary damages – are governed by the Lanham Act. See 12/10/19 Response at 4. As plaintiff has cited no authority for the proposition that monetary or injunctive relief are unavailable under New York common law, plaintiff's request for such remedies does not constitute reliance on the Lanham Act. See, e.g., Qedi's Corp. v. 3 Bros. Pizza Café, Inc, 176 A.D.3d 1131, 1131, 110 N.Y.S.3d 423, 424 (2d Dep't. 2019) (plaintiff sought injunctive relief and damages for trademark infringement and unfair competition); Camelot Assocs. Corp. v. Camelot Design & Dev. LLC, 298 A.D.2d 799, 799, 750 N.Y.S.2d 155, 156 (2d Dep't 2002) (plaintiff alleged claims for unfair competition and trademark infringement or dilution and sought injunctive relief and monetary damages); Capitaland Heating & Cooling, Inc. v. Capitol Refrigeration Co., 134 A.D.2d 721, 722, 521 N.Y.S.2d 202, 202 (3d Dep't 1987) (plaintiff alleging unfair competition requested injunctive and monetary relief relief).

on the theory that the action could have been predicated on the Lanham Act[.]" F.W. Myers, 903 F.Supp. at 356. In Vitarroz Corp. v. Borden, Inc., the Second Circuit considered *sua sponte* whether the defendant had properly removed a complaint from state to federal court given that (1) the facts set forth in the plaintiff's complaint could support violations of both state and federal trademark law but (2) the complaint did not specify whether the claims were based on state or federal law. 644 F.2d 960, 963-65 (2d Cir. 1981). "[A] plaintiff alleging facts that would support a claim founded upon either a federal or state law is free to confine his claims to one based on state law and proceed in state court." Id. at 964 (citing cases). The Court of Appeals further articulated a removal standard based on whether and when the plaintiff contests subject matter jurisdiction over the ambiguous pleading; the Second Circuit concluded that federal jurisdiction is defeated, and a remand to state court is mandated, if the plaintiff requests removal via "a prompt motion to remand," because in that event, "the pleader's preference to confine its claim to one based on state law [is] manifest." Id.[4]; see *In re* Boesky Secs. Litig., 882 F.Supp. 1371, 1377 (S.D.N.Y. 1995) ("[W]hen a complaint on its face does not unambiguously indicate whether the plaintiff is relying solely on state law, the court may consider the conduct of the plaintiff in order to determine on what laws the plaintiff has chosen to rely."); see also 15 McKay Place Realty Corp. v. AFL-CIO, 32B-32J, Serv. Emps. Int'l Union, 576 F.Supp. 1423, 1426 (E.D.N.Y. 1983) ("A federal court may, however, attempt to ascertain whether a plaintiff's claim is state or federal in nature if this is not obvious from the face of the complaint. . . . When, as here, the complaint is ambiguous as to the federal or state nature of the

---

[4] The Second Circuit ultimately held that "by not contesting jurisdiction at an early stage," the plaintiff in Vitarroz had failed to make manifest its "preference to confine its claim to one based on state law," which would otherwise have required a remand. See 644 F.2d at 964.

7

claim, a plaintiff may restrict himself to a state cause of action in a timely motion to remand."). Accordingly, because plaintiff's complaint is ambiguous as to the law on which it has chosen to rely, this Court must assess plaintiff's intent to determine whether a remand is necessary for want of subject matter jurisdiction.

Neither party disputes that plaintiff failed to file a motion to remand the case within 30 days of its removal to federal court. Nevertheless, the record makes clear that plaintiff intended to restrict its claims to state law and thus requested a remand at the November 13th initial conference, held only 42 days after removal. During that proceeding, plaintiff's counsel confirmed on the record that plaintiff was not asserting any federal claims, see 11/13/19 Minute Entry, and plaintiff reiterated in its December 5, 2019 status report that plaintiff "does not nor has [p]laintiff ever alleged any claims under federal law[,]" see Pl. Status Rep. ¶ 3.[5] In addition, plaintiff's counsel avers that while appearing before Justice Sweeney of the Supreme Court of New York, before whom the case was then pending, he advised defense counsel that plaintiff's claims were predicated solely on state law. See Pl. Status Rep. ¶ 6.[6]

Because the face of plaintiff's Complaint is ambiguous as to whether plaintiff is asserting a claim under federal or state law, and as plaintiff promptly made clear its intent to limit its claims to those available under state law, this Court concludes that plaintiff's Complaint does not

---

[5] Defendant is therefore incorrect in stating that plaintiff, on December 5, 2019, "for the first time" affirmed that it was not relying on any federal statute, law or rule as part of its cause of action. See Def. 12/10/19 Response at 4-5.

[6] Plaintiff alleges that the representation before Justice Sweeney was made on October 28, 2019. See Pl. Status Rep. ¶ 6. The Court presumes that counsel is mistaken as to the date, inasmuch as the case was removed to this Court on October 2, 2019. See Notice of Removal. Notably, the record suggests that a hearing was held in state court sometime in September 2019, see State Court Record, DE #1-1 at 40, and defendant has not refuted plaintiff's assertion that such a statement was made before Justice Sweeney.

8

raise a federal question, and therefore, does not support removal.[7]  Further, defendant's request for an order that plaintiff be held responsible for defendant's costs and expenses should plaintiff hereinafter assert a federal cause of action is premature and should be denied.

### CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded to New York State Supreme Court, Kings County, for lack of jurisdiction.

Any objection to this Report and Recommendation must be filed with the Honorable Roslynn R. Mauskopf on or before **January 3, 2020**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:    Brooklyn, New York
            December 20, 2019**

/s/       *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[7] To the extent that defendant continues to argue that federal question jurisdiction exists because defendant's pending federal trademark application is directly related to this case, see Def. Status Rep. ¶ 5, defendant fails to satisfy its burden, as defendant has not (1) cited any authority in support of this argument, (2) addressed plaintiff's contention that defendant filed its trademark application only after plaintiff's case was filed in state court, see Pl. Status Rep. ¶ 5, or (3) rebutted the proposition that "simply because a trademark is implicated does not signify that removal jurisdiction is appropriate," Hamilton v. Hertz Corp., 607 F.Supp. 1371, 1374 (S.D.N.Y. 1985).