UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TV VUES ADVERTISING AGENCY, INC.,

              Plaintiff,

    - against -

THE BORO PARK VIEW, LLC,

              Defendant.
--------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
19-CV-5583 (RRM) (RLM)

Plaintiff TV Vues Advertising Agency, Inc. ("TV Vues") filed this action for trademark

infringement in the Supreme Court of the State of New York, Kings County, on September 18,

2019. Defendant The Boro Park View, LLC ("Boro Park") removed the case to this Court on the

basis of federal question jurisdiction on October 2, 2019. (Notice of Removal (Doc. No. 1).)

On November 13, 2019, the parties appeared before Magistrate Judge Roanne L. Mann

for an initial conference. (11/13/19 Minute Entry (Doc. No. 9).) TV Vues requested that the

action be remanded to state court, explaining that it did not intend to assert any federal claims.

(*Id.* at 1.) The parties were directed to confer on the issue and to file a joint status report. (*Id.* at

2.) Rather than a joint filing, the parties submitted individual status reports. Boro Park argued

that the case should not be remanded because its counterclaim presents a federal question, and

because it has a pending federal trademark application "directly related" to the instant lawsuit.

(Def.'s Status Report (Doc. No. 11) ¶ 5.) TV Vues' report confirmed that it does not allege any

claim under federal law, and argued that Boro Park only filed a federal trademark application

after this matter was filed "in an attempt to now fabricate a federal claim." (Pl.'s Status Report

(Doc. No. 13) ¶¶ 3, 5.)

Judge Mann issued an order to show cause on December 5, 2019, explaining that a

counterclaim in a defendant's answer does not provide a basis for federal jurisdiction, and ordering Boro Park to explain why the matter should not be remanded to state court. (Order to Show Cause (Doc. No. 14).) Boro Park's response proffered a new theory of jurisdiction: that TV Vues brings a claim under the Lanham Act, 15 U.S.C. § 1125(a), even though the complaint does not reference that law. (Def.'s Response (Doc. No. 15) at 3.) Boro Park also requested that TV Vues be liable for Boro Park's costs and expenses if it ultimately asserts a federal cause of action. (*Id*. at 5.)

Judge Mann subsequently issued a *sua sponte* report and recommendation (the "R&R"), which recommends that the case be remanded to state court on the grounds that the parties are not diverse and the Court lacks federal question jurisdiction. (R&R (Doc. No. 16) at 4.) Judge Mann found that the complaint is "ambiguous as to the law" it relies on, but that "the record makes clear that plaintiff intended to restrict its claims to state law," as evidenced by its request for remand at the initial conference. (R&R at 8.) Judge Mann concluded that the complaint fails to raise a federal question, and thus removal was inappropriate. Judge Mann also denied as premature Boro Park's request that TV Vues be held responsible for costs if it later asserts a federal cause of action. (R&R at 9.) The R&R stated that any objections had to be filed within 14 days of receipt of the R&R, on or before January 3, 2020. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). To date, no party has filed an objection or requested an extension of time, and the time in which to do so has expired.

When determining whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, the court may adopt it without *de novo* review. *See Trustees of*

*Local 7 Tile Indus. Welfare Fund v. Caesar Max Const. Inc.*, No. 18-CV-1339 (FB) (LB), 2019 WL 1129430, at *1 (E.D.N.Y. Mar. 12, 2019). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted) (citation omitted); *see also Riverkeeper, Inc. v. MLV Concrete, Inc.*, No. 14-CV-3762 (LDH) (PK), 2017 WL 3172859, at *1 (E.D.N.Y. July 25, 2017).

The Court has reviewed the record and, finding no clear error, adopts the R&R in its entirety as the opinion of the Court. Accordingly, the case is remanded to the Supreme Court of the State of New York, Kings County, for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above and in Judge Mann's R&R, the case is remanded. The Clerk of Court is respectfully directed to remand this matter to the Supreme Court of the State of New York, Kings County, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
　　　Jan 14　, 2020

s/Roslynn R. Mauskopf

_____

ROSLYNN R. MAUSKOPF
United States District Judge